**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**ERIE**

RON ALLEN HUNTER, JR.,        )
)
        Plaintiff,        )    1:22-CV-00131
)
        )    United States Magistrate Judge
        vs.        )    Cynthia Reed Eddy
)
OFFICER  RHOADS,        )
)
        Defendant.        )

### MEMORANDUM OPINION[1]

**CYNTHIA REED EDDY, United States Magistrate Judge**

Defendant Officer Arthur Rhoads has moved pursuant to Federal Rule of 12(b)(6) to dismiss Plaintiff's Amended Complaint.  (ECF No. 25).  For the reasons that follow, the motion will be granted and the Amended Complaint will be dismissed as Plaintiff's claims are barred by the applicable two-year statute of limitations. Leave to amend will be denied as futile.

### Procedural and Factual Background

Plaintiff, Ron Allen Hunter, Jr., initiated this case on April 18, 2022, while he was a pre-trial detainee housed in the Erie County Prison.  *See* Complaint, at ¶ III – Prisoner Status (ECF No. 6).[2]  He has been granted leave to proceed *in forma pauperis*.  (ECF No. 5).   Officer Rhoads, an Erie County police officer, is the only named defendant.[3]  The Complaint is far from a model

---

[1]    The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of judgment.  (ECF Nos. 3 and 45). The Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

[2]    On November 16, 2022, Plaintiff notified the Court that he had been released from the Erie County Jail.  (ECF No. 29).

[3]    Defendant in his filings indicates his correct name is Arthur Rhoades.  For ease of reference, the Court adopts the spelling provided by Defendant.

of clarity.  To the best of the Court's understanding, Hunter claims that on April 14, 2016, while he was riding a pedal bicycle, Defendant Rhoades intentionally hit him with his police cruiser, causing Hunter severe injuries.  Hunter is suing for excessive force, police brutality, and failure to protect.  Prior to service, Hunter filed a "Motion for Leave to File Unspecified Writ." (ECF No. 9).  The motion did not identify the particular writ Hunter sought, but rather provided a further explanation of his injuries and damages sought.  As such, the Court construed the document as a motion seeking leave to supplement his Complaint under Federal Rule of Civil Procedure 15(d) (ECF No. 10) and the document was filed as a Supplement to the Complaint. (ECF No. 11).

In lieu of filing an answer, Defendant Rhoades filed a Motion to Dismiss, and brief in support, on October 14, 2022, arguing that the complaint should be dismissed as the claims were barred by the applicable two-year statute of limitations.  (ECF No. 18). In response, Hunter filed an Amended Complaint, adding, *inter alia*, the following additional factual information and addressing the statute of limitations argument:

> I took me this long to put a civil law suit ever sence this cop Officer Rhoad's tried to kill me and his dash cameras will show him running me down with his police cruiser. I've been scared to get help because I'm afraide of something like this happening to me again, and police brutality is against the law and there is no statue of limitation's to is, especially when Officer Rhoads who is a copy threatened me life and tried to kill me.  I wish I never would have never signed a plea back then. I would not have but I was in fear for my life.  I cant do nothing about that now, but I will like to sue and get justice for this cop Officer Rhoad's trying to kill me. Because I'm allowed to sue him for police brutality attempted murder against me and amongst other things and hospital bills . . .

Amended Complaint (quoted verbatim) (ECF No. 23).  On November 3, 2022, Defendant filed the instant motion to dismiss seeking to have the Amended Complaint dismissed, again arguing that Hunter's claims are barred by the applicable two-year statute of limitations.  Defendant asserts that this lawsuit arises "out of the arrest and prosecution of Plaintiff for three counts of aggravated assault and one count of resisting arrest."  Br. at 1. (ECF No. 27).   The criminal docket from

Hunter's criminal court case in the Court of Common Pleas of Erie County, CP-25-cr-0001391-2017, is attached to the motion to dismiss.  The docket reflects that Hunter pled guilty on June 30, 2017, to charges of aggravated harassment by prisoner and "resist arrest/officer law enforce" from an incident which occurred on April 16, 2017.  (ECF No. 26-1).[4] After being granted two extensions of time in which to respond to the motion to dismiss, Hunter filed a "response" stating:

> I am filing a response on Officer Rhoad's <u>dismissle</u>:  I <u>Ron Hunter do not and request that my case does not be dismissed</u>. I want to move forward and pursue with my lawsuit against Officer Rhoads.  I Ron Hunter Jr. do not want my case dismissed.

Response (quoted in its entirety, emphasis in original) (ECF No. 42).  The motion to dismiss is now ripe for disposition.

## Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The Supreme Court of the United States has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted.  In *Ashcroft v. Iqbal*, the Supreme Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face."  556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests."  *Phillips v. County of*

---

[4]     "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations, in the answer, not a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 24 (3d Cir. 2014).  In deciding a motion to dismiss courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993.  Here, Defendant Rhoades attached a copy of Hunter's public criminal docket, a matter of public record of which the Court can take judicial notice. *Id.* at 1197.

*Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and " 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).  Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baroka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

With this standard in mind, the undersigned now turns to the pending motion to dismiss.

## Discussion

The original complaint reflects that the incident giving rise to this lawsuit occurred on April 14, 2016. Complaint, ¶ IV(C).  In his Amended Complaint, Hunter states that he delayed in filing this case "because I've been in fear of my life."  Amended Complaint. (ECF No. 43). Defendant claims the incident occurred on April 17, 2017; but whether the incident occurred in 2016 or 2017, Defendant argues that Hunter's claims are time-barred by the applicable two-year statute of limitations.  In his response to the motion to dismiss, Hunter neither denies that the incident occurred in 2017 (not 2016 as stated in the original complaint) nor does he deny that this lawsuit arises out an incident which occurred on April  17, 2017.

This case was initiated on April 18, 2022.  (ECF No. 1).  In Pennsylvania, the applicable statute of limitations for claims under 42 U.S.C. § 1983 is two years.  *Cruz v. SCI-SMR Dietary Services*, 566 F. App'x 158, 160 (3d Cir. 2014); *Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000).  A plaintiff's § 1983 claim accrues on the date the plaintiff knew or had reason to know of the injury which is the basis of the action.

4

Even if the Court were to give Hunter the benefit of the doubt that the incident occurred in 2017, his claim accrued in April of 2019.  Because Hunter did not initiate this case until April of 2022, his claims are untimely unless the statute of limitations is tolled.

Here, Hunter states in a conclusory fashion that he delayed filing this lawsuit because he has been in fear of his life.  Amended Complaint.  He has provided no additional arguments or pointed to any allegations that support a finding that the statute of limitations should be tolled. Therefore, the Court finds that the statute of limitations should not be tolled.

As Hunter has failed to allege any facts that support a finding that the statute of limitations should be tolled, the Court finds that the statute of limitations had accrued for Hunter's § 1983 claims prior to the filing of the Complaint in this matter. Further, the Court finds that any amendment to the Amended Complaint would be futile.[5]

## Conclusion

For these reasons, the Motion to Dismiss filed by Defendant Rhoades will be granted as Hunter's claims are time-barred by the applicable two-year statute of limitations. Leave to amend will be denied as futile.

Dated:  April 11, 2023

> s/Cynthia Reed Eddy
> Cynthia Reed Eddy
> United States Magistrate Judge

---

[5]     "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2021).

cc:    RON ALLEN HUNTER, JR.
        10314 PARK AVE.
        ALBION, PA 16401
        (via U.S. First Class Mail)

        Catherine M. Doyle
        Deputy City Solicitor
        (via ECF electronic notification)